# EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
LONG COUNTY, GEORGIA

**STSV2022000017**
JA
**JUN 06, 2022 03:33 PM**

Sherry Long, Clerk
Long County, Georgia

IN THE STATE COURT OF LONG COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NICOLE JENKINS and <br> DENNIS JENKINS, <br><br> Plaintiffs, <br><br> v. <br><br> CODY HAMMERSCHMIDT, <br> FREDERICK ZURN, <br> FREDERICK ZURN d/b/a DRAKE UNDERGROUND, DRAKE UNDERGROUND, LLC, and WESTERN NATIONAL MUTUAL INSURANCE CO INC, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiffs, NICOLE AND DENNIS JENKINS, hereby file this Complaint for Damages and Demand for Jury Trial against Defendants Cody Hammerschmidt ("Defendant Hammerschmidt"), Frederick Zurn ("Defendant Zurn"), Frederick Zurn d/b/a Drake Underground ("Defendant Zurn d/b/a Drake Underground"), Defendant Drake Underground, LLC ("Defendant Drake Underground"), and Defendant Western National Mutual Insurance Co Inc ("Defendant Western National") (all Defendants referred to collectively as "Defendants"), showing the Court as follows:

## PARTIES, JURISDICTION, VENUE
## AND SERVICE OF PROCESS

1.

Plaintiffs Jenkins are residents of the State of Georgia residing at 1296 John Wells Road, Hinesville, Georgia 31313.  By bringing this action, Plaintiffs subject themselves to the jurisdiction and venue of this Court.

2.

Defendant Cody Hammerschmidt is a citizen and resident of Minnesota, whose last known address is 200 16th Street South, Benson Minnesota 56215.  Defendant Cook is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, and O.C.G.A. § 9-10-91.  Defendant Cook may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 40-12-2.

3.

Defendant Frederick Zurn is a citizen and resident of Wisconsin, whose last known address is N5065 Norwegian Road, Weyerhaeuser, Wisconsin 54895.  Defendant Zurn is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, and O.C.G.A. § 9-10-91.  Defendant Zurn may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 40-12-2.

4.

Defendant Frederick Zurn d/b/a Drake Underground, is a business operating as a motor carrier with a last known address of N5065 Norwegian Road, Weyerhaeuser, Wisconsin 54895.  Defendant Zurn d/b/a Drake Underground is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, and O.C.G.A. § 9-10-91.  Defendant Zurn d/b/a Drake

Underground may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 40-12-2.

5.

Defendant Drake Underground LC, is a dissolved corporation with a last known principal office address of 443 Arlington Avenue, Fond Du Lac, Wisconsin 54935. Defendant Drake Underground may be served via its registered agent at 443 Arlington Avenue, Fond Du Lac, Wisconsin 54935. Defendant Drake Underground is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, and O.C.G.A. § 9-10-91. Defendant Zurn d/b/a Drake Underground may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 40-12-2.

6.

Defendant Western National Company (hereinafter "Western") is a foreign corporation existing under the laws of the State of Minnesota. Defendant Western is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 46-7-12, 9-10-31, 9-10-91, and 9-10-93. Defendant Western may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 33-4-3 by service on CT Corporation System c/o Linda Banks, 289 S. Culver St., Lawrenceville, Georgia 30045.

7.

Jurisdiction and venue are proper in this Court as to all Defendants as a result of the collision that caused Plaintiff's damages occurring in Long County, Georgia on January 6, 2021.

## FACTUAL ALLEGATIONS

8.

On January 6, 2021, Defendant Cook was an agent, employee and/or servant of

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground and at all relevant times on said date was acting within the scope of his agency, employment or service and under the authority or at the direction of Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground.

9.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground are liable to Plaintiffs for all damages caused by Defendant Hammerschmidt under the doctrine of respondeat superior or vicarious liability.

10.

On January 6, 2021, Nicole Jenkins was driving a 2011 Nissan Armada traveling westbound on Georgia Highway 196 approaching its intersection with Smiley Crossroads.

11.

At the same time, Cody Hammerschmidt was driving a 2000 Peterbuilt Truck westbound on Georgia Highway 196 immediately behind the vehicle operated by Mrs. Jenkins.

12.

Mrs. Jenkins slowed her vehicle, activated her left turn signal, and began to make a left-hand turn onto Smiley Crossroads.

13.

Despite seeing the turn signal on Mrs. Jenkins' vehicle, Defendant Hammerschmidt attempted to pass Mrs. Jenkins' vehicle on the left and collided with Mrs. Jenkins' vehicle causing disabling damage to her vehicle.

14.

Prior to the collision, Mrs. Jenkins was traveling at a reasonable speed and obeying all

applicable traffic rules and regulations and did not have time to maneuver to avoid the collision.

15.

Defendant Hammerschmidt was deemed to be at fault for the collision and was issued a citation for his violation of O.C.G.A. § 40-6-49 which requires drivers to maintain a reasonable and prudent distance when following vehicles.

16.

At the time of the collision, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground was operating a motor common or contract carrier engaged in interstate and/or intrastate commerce that was doing business as Drake Underground. Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground were insured by Defendant Western.

17.

Defendant Western is a proper party to this lawsuit.

18.

Plaintiffs elect to avail themselves of the procedure set forth under O.C.G.A. § 46-7-12 that permits joinder of Defendant Western as a party Defendant.

19.

As a result of the subject incident, which was the proximate result of the negligence of all the Defendants, Plaintiff Nicole Jenkins suffered, and continues to suffer, significant physical, mental, and emotional injuries, all for which she is entitled to recover under the law. All Defendants are liable to Plaintiff Nicole Jenkins for these injuries.

## COUNT I: NEGLIGENCE & NEGLIGENCE *PER SE*

20.

Paragraphs 1 through 19 above are incorporated by reference as if set forth fully herein.

21.

On January 6, 2021 Defendant Hammerschmidt owed a duty of care to the public in general, and to Plaintiff in particular, to operate his vehicle in a safe, reasonable and prudent manner at all times.

22.

Defendant Hammerschmidt breached his duty of care in at least the following ways:

(a)  Following the vehicle operated by Plaintiff too closely in violation of O.C.G.A. § 40-6-49, such a violation constituting negligence per se;

(b)  Engaging in actions which distracted Defendant Hammerschmidt from the safe operation of his vehicle in violation of O.C.G.A. § 40-6-241, such a violation constituting negligence per se;

(c)  Failing to maintain proper control of Defendant Hammerschmidt's vehicle in violation of O.C.G.A. § 40-6-48, such a violation constituting negligence per se; and

(d)  Failing to keep a proper lookout in violation of O.C.G.A. § 40-6-123, such a violation constituting negligence per se.

23.

As the direct and proximate result of the breaches by Defendant Hammerschmidt set forth above, Plaintiff Nicole Jenkins suffered significant physical, mental, emotional pain.

24.

At all times relevant hereto, Defendant Hammerschmidt, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground were subject to the minimum standards established by the Federal Motor Carrier Safety Regulations, 49 C.F.R. pts. 300-399, either

directly or as adopted by Ga. Comp. R. and Regs. 515-16-4.01.

25.

Defendant Hammerschmidt, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground were negligent per se for violating the rules and regulations applicable to commercial motor carriers that are intended to protect persons such as Plaintiff from injury.

26.

At all times pertinent hereto, Defendant Hammerschmidt was acting within the course and scope of his role as a driver, agent, servant and/or employee of Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground.

27.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground is responsible and liable for Defendant Hammerschmidt's negligent acts and omissions on the principles of vicarious liability, respondeat superior, and/or agency.

28.

Plaintiff Nicole Jenkins is entitled to recover from Defendants for her past, present, and future medical expenses, past, present, and future lost earnings, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## **COUNT II: NEGLIGENT HIRING AND RETENTION**

29.

Paragraphs 1 through 28 above are incorporated by reference as if set forth fully herein.

30.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

31.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground breached that duty when he negligently hired, contracted with, and/or retained Defendant Hammerschmidt as a driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

32.

As a result of said negligent hiring and retention, Plaintiff Nicole Jenkins suffered serious injury.

33.

Plaintiff Nicole Jenkins is entitled to recover from Defendants for her past, present, and future medical expenses, past, present, and future lost earnings, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

**COUNT III: NEGLIGENT TRAINING AND SUPERVISION**

34.

Paragraphs 1 through 33 above are incorporated by reference as if set forth fully herein.

35.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground owed a duty to train and/or supervise its drivers in safely and prudently operating a commercial

motor vehicle in compliance with federal and local laws and regulations.

36.

Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise Defendant Hammerschmidt and to ensure his fitness for the task of driving an interstate commercial motor vehicle.

37.

As a result of said negligent training and supervision, Plaintiff Nicole Jenkins suffered serious injury.

38.

Plaintiff Nicole Jenkins is entitled to recover from Defendants for her past, present, and future medical expenses, past, present, and future lost earnings, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## COUNT IV: DIRECT ACTION AGAINT WESTERN PURSUANT TO O.C.G.A. §§ 40-2-140 and/or 40-1-112

39.

Paragraphs 1 through 38 above are incorporated by reference as if set forth fully herein.

40.

Defendant Western was the insurer of Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and/or Defendant Drake Underground at all times relevant to the allegations in this Complaint and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

41.

Plaintiff has a cause of action arising out of tort against Defendants Hammerschmidt, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground.

42.

Regardless of the compliance or non-compliance with the filing requirements imposed by O.C.G.A. § 40-2-140(d)(1), Plaintiff has a cause of action arising out of tort against Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground, and may join its insurance carrier, Defendant Western, in this cause of action pursuant to O.C.G.A. § 40-2-140(d)(2) and (4).

43.

Defendant Western is subject to direct action pursuant to O.C.G.A. § 40-2-140 and is responsible for any judgement rendered against Defendants Hammerschmidt, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground, up to their policy limits of coverage.

44.

In the alternative, Defendant Western is subject to a direct action pursuant to O.C.G.A. § 40-1-112 and is responsible for any judgment rendered against Defendants Hammerschmidt, Defendant Zurn, Defendant Zurn d/b/a Drake Underground, and Defendant Drake Underground, up to its limits of coverage.

## COUNT V: PUNITVE DAMAGES, O.C.G.A. § 51-12-5.1

45.

Paragraphs 1 through 44 above are incorporated by reference as if set forth fully herein.

46.

Defendants' actions as alleged herein were willful, malicious, wanton, oppressive, or showed that entire want of care that would raise the presumption of conscious indifference to the consequences of their conduct.

47.

As such, Plaintiffs are entitled to recover punitive damages from Defendants in an amount sufficient to punish them and to deter such conduct in the future.

**COUNT VI: FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11**

48.

Paragraphs 1 through 47 above are incorporated by reference as if set forth fully herein.

49.

Defendants and their agents have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense in having to file this suit and pursue his claims through litigation. Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to recover his attorneys' fees and expenses of litigation from Defendants.

**COUNT VII: LOSS OF CONSORTIUM**

50.

Paragraphs 1 through 49 above are incorporated by reference as if set forth fully herein.

51.

Plaintiffs Nicole and Dennis Jenkins were lawfully married at the time of this collision and continue to be lawfully married.

52.

As a result of the injuries sustained by Plaintiff Nicole Jenkins as a result of the subject collision,

Plaintiff Dennis Jenkins has lost the companionship and consortium of his wife.

53.

Plaintiff Dennis Jenkins is entitled to recover damages from Defendants for the loss of consortium of his wife, Nicole Jenkins.

**WHEREFORE**, Plaintiffs pray for the following relief:

1. That summons and process issue requiring the Defendants to appear as provided by law to answer the allegations of this Complaint;

2. **A TRIAL BY JURY** of all issues so triable;

3. That Plaintiffs recover general and special damages in an amount to be proved at trial;

4. That Plaintiffs be awarded punitive damages in an amount to be determined at trial;

5. All authorized attorneys' fees, costs, and interest; and

6. Such other and further relief as this Court deems just and proper.

This 6th day of June, 2022.

HARRIS LOWRY MANTON LLP

410 E. Broughton St.
Savannah, GA 31401
Phone (912) 651-9967
Fax (912) 651-1276
steve@hlmlawfirm.com
jdorminy@hlmlawfirm.com

s/*Stephen G. Lowry*
STEPHEN G. LOWRY
Georgia Bar No.: 460289
JOSHUA H. DORMINY
Georgia Bar No.: 822360

**JOHNSON KRAEUTER, LLC**

R. Scot Kraueter
Georgia Bar No. 428960
*Attorney for Plaintiff*

327 Eisenhower Drive
Savannah, Georgia 31406
(912) 721-9844